## Rand *versus* Dovey.

1. The negotiability of a promissory note is not destroyed by the fact that the endorsement of a corporation thereon was made through its seal.

2. D., the holder of the note, brought this action against R., the payee and endorser : *Held*, that D. need not trace his title through this irregular endorsement, as the relation between the corporation and R. cannot affect D., who takes title by the endorsement of R., as payee, and the latter, therefore, cannot set up the irregular endorsement to affect him.

January 12th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of January Term 1876, No. 67.

This was assumpsit, brought by John J. Dovey against Abraham W. Rand, upon the following note :—

" $3750.　　　　　　　Philadelphia, September 14th 1874.

" Two months after date I promise to pay to the order of A. W.

[Rand v. Dovey.]

Rand, Esq., thirty-seven hundred and fifty dollars, payable at 432 Walnut street, without defalcation.    Value received.

" George F. Hilt."

Endorsed—" Safeguard Insurance Company of Pennsylvania."
Seal of Insurance Company.

" Per George F. Hilt, Secretary,<br>" A. W. Rand.

" September 28th 1874.    Paid on account $1000."

The *narr.* of plaintiff contained the common counts and the following special count :—

" Whereas, one George F. Hilt, on the 14th day of September, in the year of our Lord 1874, at Philadelphia, made his promissory note in writing, and thereby promised to pay to the defendant's order thirty-seven hundred and fifty dollars, two months after date thereof, which period has now elapsed; and the defendant then and there endorsed the same to the plaintiff; and the said George F. Hilt did not pay the amount thereof, although the same was there presented to him on the day when it became due; of all which the defendant then and there had notice."

The pleas were the ordinary pleas in assumpsit.    At the trial before Peirce, J., the defendant objected to the admission of the writing in evidence, first, because it is not a promissory note; is not negotiable as such by endorsement; that its negotiability was destroyed by the endorsement under seal; and second, because it is not the instrument described in the special count of the *narr.*

The court overruled the objections and admitted the writing in evidence.

The verdict was for the plaintiff for $2648.78, upon which judgment was entered.

The defendant took this writ and assigned for error the admission of the note in evidence.

*Henry T. King*, for plaintiff in error.—The sealed endorsement destroyed the negotiability of the instrument as to all parties claiming subsequently thereto, and through that endorsement.    The holder did not strike out that endorsement, nor, indeed, could he, and thus make negotiable that which in its inception was not so. There was a fatal variance between the instrument declared on and the writing offered in evidence.    It was required that the plaintiff should state in his declaration the endorsement between himself and the party he sues, and on the trial of the cause prove that endorsement or strike it off, neither of which was done in this case.

*A. Sidney Biddle* and *R. C. McMurtrie*, for defendant in error.—The holder of a negotiable note may strike out any endorsements which are not stated in the declaration: Merz *v.* Kaiser, 20

[Rand *v.* Dovey.]

La. Ann. 379.  To the same effect see Mayer *v.* Jadis, 1 M. &    -
Rob. 247.

No one has as yet asserted that an endorsement of a note by a
corporation makes the note a bond. The drawing does, if it is
sealed, but not the transfer. The contract of endorsement may be
by deed, though the primary debt be by parol.

The judgment of the Supreme Court was entered, January 22d
1877,

PER CURIAM.—This suit was brought by Dovey, the holder of
the note against Rand, the payee and endorser. Dovey does not
need to trace his title through the irregular endorsement of the
Safeguard Insurance Company. No question arises in this action
between Rand and the insurance company, as to their relations to
each other. That relation does not affect Dovey, who takes title
by the endorsement of Rand as payee. The latter cannot set up
the endorsement of the insurance company as an irregularity to
affect Dovey.                          Judgment affirmed.