Roe v. Dwelling House Insurance Company, Appellant.

[Marked to be reported.]

*Fire insurance—Condition of policy as to house being vacant.*

A condition of a fire insurance policy that it shall be void if the building insured "be or become vacant or unoccupied, or not in use," is not violated where a tenant, whose term continued until April 1st, moved out on March 24th, completing the removal of his goods on March 27th, and the premises were leased to a new tenant, to commence from April 1st, but were destroyed by fire on March 28th, being then unoccupied.   The period of nonoccupancy was but a reasonable vacation, such as is entirely consistent with good faith, and does not amount to the abandonment of pos-

149   94
40SC²298

session which the policy prohibits : Ins. Co. v. Hannum, 1 Mona. 369, followed ; McClure v. Ins. Co., 90 Pa. 277, distinguished.

*Total loss—Immediate notice to company—Formal proofs of loss.*

In case of a total loss of the building insured, where the insurance company has been notified immediately, no further notice or technical proof of loss is necessary.   Ins. Co. v. Dougherty, 102 Pa. 568, affirmed.

*Waiver of proofs of loss.*

A denial by an insurance company of all liability on other grounds than the want of the technical proofs required by the policy, where the loss was total and notice of it was immediately sent to the company, is a waiver of the technical proofs.

*Evidence.—Reply letter.*

A letter purporting to be signed by defendant and received in due course, in reply to a previous letter to him, and followed up by a visit from the person named in the letter as one who was to be sent on behalf of the defendant, is admissible in evidence.

Argued March 18, 1892.   Appeal, No. 310, Jan. T., 1892, by defendant, The Dwelling House Insurance Company of Boston, Mass., from judgment of C. P. Susquehanna Co., August T., 1890, No. 447, on verdict for plaintiff, P. D. Roe.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on policy of fire insurance to recover for total loss of dwelling house.

At the trial, before SEARLE, P. J., plaintiff offered in evidence the insurance policy which contained the following clauses : " The said company hereby agree to make good unto the said insured, his executors, administrators, and assigns, all such immediate loss or damage, not exceeding in amount the sum insured, nor the interest of the insured in the property, nor the actual cash value of any building or other property at the time of loss or damage as shall happen by fire or lightning, to the property above specified from " etc.

" This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant, or unoccupied, or not in use."

The policy also provides that in case of loss, the insured should give immediate notice in writing to the company ; and within 30 days after the loss, render the company a sworn statement thereof.   It further stipulated that " no officer, agent, or

other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto."

The letter referred to in the opinion of the Supreme Court was signed "Dwelling House Insurance Company, per Nutter." Witness Laythrop, testified that he notified the general agent of defendant at Scranton of the loss and received the letter in question, in reply to his letter. It was then offered in evidence under objection.

Plaintiff having testified that Mr. Melchert came to see him 10 days after the fire, was asked:

"Q.    What did he say as to the liability for the payment of that loss?" [6]  Also

"Q. Now state whether or not he made you any offer of compromise?" [7]

The answers to both questions were admitted, under objection.

Other facts appear by the opinion of the Supreme Court.

Points of defendant, refused, were:

"2. That one of the conditions of this policy being that the insured shall, within thirty days after the loss or damage by fire or lightning, render a statement to the company signed and sworn to by the insured, stating the knowledge of the insured as to the time and origin of the loss by fire, the interest of the insured and of all others in the property, etc.; the amount of the loss thereon, all incumbrances thereon, etc., and that loss shall not be payable till the conditions of the policy are complied with, and no proofs of loss having been furnished as required, the plaintiff cannot recover, and the verdict must be for the defendant. [1]

"3. The plain and unequivocal provisions of this policy being that no officer, agent or other representative of this company shall have the power to waive any provisions or conditions of this policy unless said waiver be in writing or attached thereto, nor shall said waiver be claimed by the insured unless so writ-

ten or attached, and there being in this case no evidence of the waiver of the conditions of this policy requiring proofs of loss to be furnished within thirty days, and no proofs of loss having been furnished as required, the plaintiff cannot recover, and the verdict must be for the defendant. [2]

" 4. The house having been vacated by the insured and his tenant before the fire, and was vacant at the time of the fire, and as the policy by its provisions is to be void in case of vacancy or change of possession, the plaintiff cannot recover, and the verdict must be for the defendant. [3]

" 5. Upon the whole evidence produced in this case the plaintiff is not entitled to recover." [4]

The court charged, in part, as follows :

" As to the question of the occupancy of this dwelling house, the defendant claims that the vacancy, which it is admitted existed for a few days at the time of the fire, was sufficient to wholly avoid this policy, and that there can be no recovery upon it. [The question to be considered is whether under the conceded facts in the case the policy is void.   There can be no doubt as to what is meant by the occupancy of a building of this character.

" The occupancy contemplated by the policy was such as would be proper according to the character of the property insured.   If the property insured is a dwelling, then the occupancy referred to is its occupancy as a dwelling in the ordinary way in which dwellings are occupied.   If it is a barn, the occupancy is not a dwelling therein, but such occupancy as is usually with such property.   The building in question being a dwelling house, the occupancy contemplated by the policy would be its occupancy as a dwelling house in the ordinary way in which such property is occupied.   It was, therefore, under this policy, necessary, when the premises became vacant or unoccupied, to notify the defendant company and have its consent endorsed upon the policy.

" You are not to understand by the occupancy of premises that there must be some one in the house or on the premises during the whole period of the time of its occupancy, but that it is such occupancy as is usually had of such premises.   A house may be occupied all the time, some one being bodily present in the house, or about the premises all the time, or no one

may be in the immediate occupancy of the house, in the sense that he is there bodily present, and yet the house may be considered in law as occupied. The family might lock up the house and go away on a visit, and yet the house would not be in law unoccupied within the meaning of that clause in the policy; or they might go upon a visit to the seashore or to their neighbors, and remain away a reasonable length of time, and yet the house not be considered as unoccupied during the time its occupants were thus away. While a house, under such circumstances, is in law considered to be occupied, it must not, however, be left unoccupied for any considerable length of time.

" The law does not fix definitely any length of time during which the occupant of the house can remain away, so that each case has to stand upon its own merits, as to whether the length of time the occupant was absent from the premises was unreasonable under all the circumstances.] [8]

[" In case of an out-going and an in-coming tenant, where a few days intervene between the actual physical occupancy of a dwelling house, between the out-going tenant leaving and the in-coming tenant taking possession, the question is a question for the jury to determine whether there was an unreasonable time. One tenant does not always leave the property and the other move in the same day. And under all the evidence this is a question of fact for you to determine whether the occupancy was reasonable or not. And therefore upon this branch of the case we submit the question of the reasonableness of this vacancy to you. If you find that the house was in the possession of Depew as tenant of Roe, under the lease which expired upon the 1st day of April, 1890, and that he had leased the same to one Sivers, for the succeeding year, commencing on the said 1st day of April, 1890, and that said Depew removed his family and part of his things on the 24th day of March, 1890, and the remainder on the 27th day of March, 1890, and that the fire occurred on the 28th day of March, 1890, then if you find that the time during which the house was unoccupied was a reasonable one under the circumstances, then this provision of the policy in relation to the necessity of notice of a vacancy does not prevent a recovery in this case. In other words, if you find that this was not an unreasonable vacancy in the transfer of the tenancy of the house from the out-going to the in-

coming tenant, then as far as that provision of the policy is con-
cerned you may consider it of no-effect.] [9]

" As to the second question in this case raised by the defend-
ant, that under the stipulations of the policy it was the duty of
the plaintiff to have tendered to the company, within thirty
days of the time of loss, proofs of loss as required by the stipula-
tions read to you, the plaintiff claims that the defendant has
waived the necessity of requiring this proof of loss, first, by rea-
son of the fact that the loss was a total one, and the defendant
was notified that the loss was total; and second, that by reason
of its being a total loss, and the plaintiff having notified the
company of that fact, and the company sending a man upon
the ground to settle, and having come upon the ground and
held an interview with the plaintiff in the case, and viewed the
premises and seen for himself that it was a total loss, and that
he then claimed that the company was not liable for any por-
tion of the loss by reason of the house being vacant at the time
of the fire, and also offering to compromise; that by these acts
of the company there was a waiver of any necessity for proofs
of loss in this case, and that therefore the jury can find for the
plaintiff the same as if no such stipulation was contained in the
policy.    The defendant claims that no such waiver can take
place except as prescribed in the policy; that is, by writing
indorsed thereon.    [There is a provision in the policy that no
agent or officer shall have power to waive any of the stipula-
tions of the policy unless it be in writing, indorsed upon the
policy.    But this refers to express waivers, and not to waivers
flowing from the conduct and acts of the company where the
agent or officer has power to do the act from which the waiver
is inferred.    We are of the opinion that this provision that the
agent shall have no authority to waive any provision or condi-
tion of the policy, unless such waiver, if any, be written upon
or attached thereto, relates to express waivers, and not to such
as arise from the conduct and acts of the company through their
authorized agent.] [10]    [Therefore, if you find that the loss
in this case was a total loss, that the notice of such loss was
immediately given to the company defendant as required by
the provisions of the policy, and further, that the defendant
company sent an agent to adjust or look over the loss without
making any objections as to the absence of any formal proofs

of loss, or any deficiency in the notice received by the company of the loss, that said adjuster made an offer to compromise the claim, and made no objections to settling for the loss, except that the company were not liable for the same on account of the building not having been occupied at the time of the fire, you may, if you think the evidence justifies it, find that the company waived any objections to any deficiency of notice or proofs of loss, or absence of proofs of loss, and consider that part of the plaintiff's case made out."] [11]

*Errors assigned* were (1–4) not affirming defendant's 2d, 3d, 4th and 5th points, quoting them ; (5) refusal to grant a compulsory nonsuit, and admission of defendant's letter, quoting it ; (6, 7) overruling the defendant's objections to the questions as above, quoting the questions but not the answers ; (8–11) the portions of the charge as above, in brackets, quoting them.

*W. W. Watson* and *C. Stuart Patterson, W. S. Diehl* with them, for appellant.—This case is within the rule laid down in McClure v. Ins. Co., 90 Pa. 277.   In Doud v. Ins. Co., 141 Pa. 47, and Ins. Co. v. Hannum, 1 Mona. 372, the houses were unoccupied, but not vacant ; in this case the house was not only unoccupied, but absolutely vacant.   The policy was made void under its terms : Harrison v. Ins. Co., 9 Allen, 236 ; Keith v. Ins. Co., 10 Allen, 228 ; Corrigan v. Ins. Co., 122 Mass. 298.

What the courts have said about the length of time or the shortness of time, relates to the time the occupant is absent, and not to the time the building is actually vacant as well as unoccupied : Ins. Co. v. Kepler, 95 Pa. 492 ; Ins. Co. v. Leathers, 20 W. N. C. 107.

This policy was not " a valued policy : " Lycoming Ins. Co. v. Mitchell & Boyle, 48 Pa. 367 ; and proofs of loss should have been furnished.   There had been no waiver by the company : Ins. Co. v. Brown, 128 Pa. 391 ; Ins. Co. v. Conover, 98 Pa. 384 ; Ins. Co. v. Hebard, 95 Pa. 51 ; Trask v. Ins. Co., 29 Pa. 198 ; Beatty v. Ins. Co., 66 Pa. 9 ; Ins. Co. v. Weiss, 106 Pa. 20 ; Diehl v. Ins. Co., 58 Pa. 452 ; Gould v. Ins. Co., 134 Pa. 570.

The policy had become void before the fire, by reason of the house being vacant ; to revivify it, required a new agreement with the company : National Ins. Co. v. Brown, 128 Pa. 386.

*A. H. McCollum,* of *McCollum, Smith & McCollum,* for appellee.—Ins. Co. v. Hannum, 1 Mona. 369, rules this case. In McClure v. Ins. Co., 90 Pa. 277, it appeared from the proofs of loss that the building had been vacant for several days ; and as was stated in Doud v. Ins. Co., 141 Pa. 56, no new tenant had been obtained or was even being negotiated with.

Both on the question of the formal proofs of loss not being required, and the waiver of the same, it is sufficient to refer to Penn. Ins. Co. v. Dougherty, 102 Pa. 568.

OPINION BY MR. JUSTICE GREEN, May 2, 1892 :

The fire which was the subject of this action occurred on the night of March 28, 1890. The house was let to a tenant until April 1st, following. The tenant removed from the building on March 24th, but did not complete the removal of all his goods until the 27th. The plaintiff testified that he had leased the premises to another tenant, to commence from April 1st, and the tenant, Sivers by name, testified that he had leased it for a year from about April 1st. There was no contradiction of any of this testimony, and the learned court below left it to the jury to say whether there was an unreasonable vacancy in the transfer of the tenancy from the outgoing to the incoming tenant, charging that if the vacancy were only reasonable the condition of the policy on that subject was not broken. We think this action of the court below was entirely correct, and within the line of our decisions in similar cases. The building was a dwelling house, it was leased until April 1st, and it was also leased for another year from that time. The tenant commenced moving on March 24th, and finished on the 27th, leaving an interval of but four days until the new occupancy was to commence. We think this was not the case of an absolute abandonment of the occupancy of the premises, without any new tenancy being provided, as was the fact in McClure v. Ins. Co., 90 Pa. 277. It was rather the temporary vacation of the premises, such as frequently occurs upon the change of tenancy to suit the convenience of the departing tenant. The facts in the case of Ins. Co. v. Hannum, 1 Mona. 369, and referred to in Doud v. Ins. Co., 141 Pa. 47, were almost precisely similar to those of the present case. There the outgoing tenant moved out on April 1st, but the incoming tenant, who was

to have moved in on the same day, did not, in fact, do so, but had made his arrangements to move in on the 5th. The fire occurred on the 3d. The court below held that this was not such a cessation of occupancy as would vitiate the policy, and we affirmed the judgment. The interval of vacancy there was three days, and here it was four, and that seems to be the only difference between the two cases. We do not think the additional day in the present case at all affects the principle. We do not consider it necessary to repeat the reasoning in the Doud case, though it is quite applicable to the facts of this. The interval of vacancy was somewhat shorter, but it was the principle that a vacancy of such a character is not to be regarded as a breach of the condition, which gives the case importance in determining a contention such as the present. The period of non-occupancy was but a reasonable vacation, such as is entirely consistent with the good faith of the party, and does not amount to the abandonment of possession which the policy prohibits.

Upon the other chief point of dispute, the case seems to be controlled by our decision in Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568. Immediate notice of the loss was given by the plaintiff to the defendant, through Mr. D. R. Lathrop, insurance agent, and one of the firm of Lathrop, Gray & Williams, at Montrose. On April 2, 1890, the defendant wrote to the firm acknowledging receipt of their letter of March 31st, notifying them of the loss under the policy in suit, and saying they would send Mr. Melchert to attend to it. This gentleman called to see the plaintiff about ten days after the fire, and notified the plaintiff that the company was not liable, because the house was not occupied at the time of the fire. The building was a total loss, and under our ruling in the case of Ins. Co. v. Dougherty, supra, the company having been notified immediately, no further notice or technical proofs of loss were necessary.

In that case we said: "But beyond this, as the policy embraced a house alone, which was valued at $700; as the loss was total, and as, of that loss the company undoubtedly had full notice, we think, under the authority of the Lycoming Mutual Fire Ins. Co. v. Schollenberger, 8 Wr. 259, and the Farmers' Mutual Ins. Co. v. Moyer, 10 W. N. C. 129, no fur-

ther notice or proofs of loss were necessary.   As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already informed." The same case also decided that, " the waiver of the proofs of loss required in a policy may be inferred by any act of the insurer, evincing a recognition of liability, or a denial of obligation exclusively for other reasons." Both of these principles were applicable to the facts of this case, and either of them is sufficient to defeat the defendant's defence.

We see no objection to the admission of the letter of the defendant company to Lathrop, Gray & Williams. It was received in reply to a previous letter addressed to them by this firm, and presumably, it was their genuine letter. It had all the marks of authenticity, and it was very easy to prove its want of authority if desired. Being a letter received in due course of a correspondence upon the subject of this loss and this policy, and followed up by a visit from the person named in the letter, as one who was to be sent on behalf of the company, it was certainly for the jury to say whether it was their letter, and whether the person, who called upon the defendant, was their agent. There is no distinct question of an express waiver arising upon the testimony, and a discussion of that subject is not necessary. But the fact that the loss was total, that notice of it was immediately sent to the defendant, that the person who visited the plaintiff was a person of the same name as the one promised to be sent by the defendant in the letter, and that he denied all liability of the defendant on other grounds than the want of technical proofs required by the policy, were sufficient to submit to the jury on the question whether the techincal proofs were waived by the acts of the defendant. This question was submitted to the jury by the court below, and as there was no contradictory evidence given by the defendant, the jury naturally found for the plaintiff. We think there was no error in submitting the question to the jury, and we cannot see how they could have found in any other way than they did.

The assignments of error are all dismissed.

Judgment affirmed.