Henry Hower v. The Susquehanna Mutual Fire Insurance Company, Appellant.

*Insurance—Company cannot mislead insured by shifting defenses.*

Public policy requires that insurance companies should be required to deal with their customers with entire frankness and fairness. They may refuse to pay without specifying any ground, and insist upon any available ground, but when they plant themselves upon a specific defense, and so notify the assured, they are not permitted to retract after the latter has acted upon their position as announced and incurred expenses in consequence of it. An insurance company defendant cannot play fast and loose.

*Insurance—When actual notice relieves from technical proof.*

Where the company received notice within twenty-four hours of a total loss and it was acted upon by an authorized adjuster, no further notice or proof of loss is necessary. Technical proofs could but restate that of which the company was already informed, and the law does not require vain things.

Argued March 17, 1898. Appeal, No. 39, March T., 1898, by defendant, from judgment of C. P. Juniata Co., April T., 1896, No. 138, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before LYONS, P. J.

It appears from the evidence that this action was brought to recover on a $500 risk placed on a dwelling house totally destroyed by fire. There was no dispute as to the fact of its being a total loss. The defendant company was notified by letter of the fact, and an adjuster visited the premises and made up a proof of loss at a valuation of $175, but the parties separated without a settlement. The testimony was conflicting as to the occupancy of the building immediately preceding the fire, and as to whether there was a request or demand for an arbitration of the controversy.

Other facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $477.20. Defendant appealed.

*Errors assigned* among others were (3) in answer to plaintiff's sixth point, which point and answer are as follows: "6. If

the jury believe from the evidence that the defendant proposed to pay the plaintiff the sum of $175 in settlement of his loss, that shows that the defendant recognized its liability to the plaintiff, and that is evidence of a waiver of all technical proofs required of the plaintiff by the policy, except the amount of the loss. *Answer:* We answer that in this way: If the defendant company had knowledge of the fact that they now claim as a defense, that the house was vacant at the time he made his proposition, then you might consider that, and we submit it to you to determine whether, under such circumstances, it was a waiver or not. If you find the facts to be that they had notice that the house was vacant, and then after that knowledge made an offer to pay $175 which was not accepted, that would be evidence of waiver of that condition of the policy." (4) In answering plaintiff's seventh point. Said point and answer are as follows: " 7. If the jury believe from the evidence in the case that the defendant proposed to pay the plaintiff the sum of $175 in settlement of his loss, then it is for the jury to say whether the defendant did not waive all technical proofs required of the plaintiff by the policy, except the amount of the loss, and if the jury find that the defendant did waive all said technicalities, then the plaintiff is entitled to recover. *Answer:* This we affirm. If you find the fact to be that with the knowledge of all the facts in the case they waived any other proofs of loss, then the plaintiff would be entitled to recover the actual amount of loss he sustained." (5) In answering plaintiff's eighth point. Said point and answer are as follows: " 8. If the jury believe from the evidence that there was no effort between the plaintiff and the defendant in the first instance to agree upon the loss and damages sustained by the plaintiff through a fire, then if the plaintiff did refuse to appoint appraisers, that would not prevent the plaintiff from recovering. *Answer:* This we affirm, because that was a condition precedent to the appointment of appraisers. A condition of the policy requires that there must be an effort made to agree upon the extent of the loss before the appointment of appraisers." (6) In answering plaintiff's tenth point. Said point and answer are as follows: " 10. The letter of the defendant, dated October 21, 1895, gives but one excuse for not paying the plaintiff's loss, and that fact estops the defendant from setting up any defense except the alleged

failure of the plaintiff to furnish the defendant with proof of loss. *Answer :* That would be the law if the defendant had knowledge of the other facts relied upon as a defense at the time that letter was written; to wit: to the time of the alleged forfeiture of the policy by reason of the house remaining vacant ten days or more." (12) In answer to defendant's fourth point, which point and answer are as follows : " 4. If the jury believe from the evidence that Abram Arndt, his sons and William Willow went out of the house with no thought of returning to occupy the same, ten days or more before the date of the said fire, then the said house became unoccupied and the plaintiff cannot recover. *Answer:* This point is correct. The plaintiff cannot recover if you find the facts as stated, unless you find as we have instructed you, that this condition of the policy was waived by the defendant company." (15) In answer to defendant's seventh point, which point and answer are as follows: " 7. The letter of October 21, 1895, written by R. Wilson Hoffman, assistant secretary of the company, to Henry Hower contained no waiver of the condition of the policy requiring an appraisal, or of any other conditions of the policy. *Answer:* Considering that letter in connection with the letter addressed to the company on October 14, 1895, we say to you, that the only claim or demand that the company made upon the plaintiff was ' that no proof of loss had ever been received by us,' and that was the only excuse they made for nonpayment, and for that reason we say to you that they were bound to be candid and fair to this plaintiff, and if they had any other defense it was their duty to state what it was, not having·done so it would in our judgment be a waiver of the other conditions of the policy of which they had knowledge, but would not be a waiver upon any condition of the policy that they had no knowledge of at that time."

*J. Howard Neely,* with him *S. J. M. McCarrell,* for appellant. —The cases cited by the plaintiff have no application to the present case, which raises the question of waiver of the condition relative to nonoccupancy, which worked a forfeiture of the policy by the acts of the insured without notice to the company before the loss occurred: Welch v. London Assurance Corporation, 151 Pa. 607; Freedman v. Fire Assn., 168 Pa. 249; Ins. Co. v. Brown, 128 Pa. 386.

But to constitute such estoppel or authorize the finding of such waiver, there must be evidence of conduct from which an intention to waive the limitation fairly can be inferred, or of an act which in equity ought to estop the company from relying upon it: Beatty v. Ins. Co., 66 Pa. 9; Ins. Co. v. Dunham, 117 Pa. 460; Gould v. Ins. Co., 134 Pa. 570; Carey v. Ins. Co., 171 Pa. 204; Flynn v. Ins. Co., 4 Pa. Superior Ct. 137.

Loose declarations of an agent will not constitute a waiver of this condition: Ins. Co. v. Conover, 98 Pa. 384; Seybert v. Ins. Co., 103 Pa. 282.

We respectfully submit that under this contract of insurance only two thirds of the cash value of the property destroyed, at the date of the fire could be recovered if any recovery at all could be had.

The following authorities support this contention: Mitchell v. Ins. Co., 51 Pa. 402; Ins. Co. v. Slockbower, 26 Pa. 199; Ins. Co. v. Mitchell and Boyle, 48 Pa. 367; Bahner v. Ins. Co., 127 Pa. 464; Ins. Co. v. Kepler, 106 Pa. 28.

*Charles Hower*, with him *George L. Hower*, for appellee.—It seems to us that the naked proposition shows the great absurdity of a request for the appointment of appraisers, if such request was made. The law does not require vain things to be done: Ins. Co. v. Schollenberger, 44 Pa. 262; Ins. Co. v. Dougherty, 102 Pa. 568; Boyle v. Ins. Co., 169 Pa. 349.

But in addition to this the appointment of appraisers was waived by the defendant: First, because the company recognized a liability to pay the plaintiff by offering to pay him for his loss the sum of $175, and second, because by R. Wilson Hoffman's letter to Henry Hower, dated "Harrisburg, Pa., October 21, 1895," the company put its refusal to pay on the ground that no proof of the loss had ever been received by the company. The following authorities sustain this position: Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Dwelling House Ins. Co., 149 Pa. 94; McGonigle v. Ins. Co., 168 Pa. 1; Freedman v. Fire Association, 168 Pa. 249; McCormick v. Ins. Co., 163 Pa. 184; Earley v. Ins. Co., 178 Pa. 631.

The waiver of proofs of loss required by the policy of fire insurance may be inferred by an act of the insurer evincing a recognition of liability or a denial of obligation exclusively for

other reasons: Ins. Co. v. Dougherty, 102 Pa. 568; Ins. Co. v. Stauffer, 33 Pa. 397; Bonnert v. Ins. Co., 129 Pa. 558; Roumage v. Ins. Co., 13 N. J. L. 110.

Refusal of an insurance company to pay a loss on a specified ground estops it from asserting other ground relieving it from liability of which it had full knowledge, where the insured had incurred expense and brought suit on the belief that the only objection was that stated: McCormick v. Insurance Company, 163 Pa. 184; Ins. Co. v. Flynn, 98 Pa. 627; Earley v. Ins. Co., 178 Pa. 631; Davidson v. Guardian Assurance Co., 176 Pa. 525.

OPINION BY ORLADY, J., December 16, 1898:

The plaintiff's property, which was covered by a policy of insurance issued by the defendant, was totally destroyed by fire on July 14, 1895. Pursuant to a notice of the loss, R. Wilson Hoffman, the assistant secretary of the company, called on the plaintiff on July 18, and with him viewed the ruins with the intention of adjusting the loss. After which these two persons repaired to the office of a justice of the peace, before whom the adjuster offered to make up the proofs of loss by fixing the value of the property at the time of the fire at $175, but the parties separated without a settlement. The testimony is conflicting as to the character of the occupancy of the building immediately preceding the fire, and as to whether there was a request or demand for an arbitration of the controversy.

On October 14, 1895, the plaintiff sent to the company a request for payment of the amount of the policy, and received in reply thereto, the following letter: "Replying to your letter of the 14th inst., will say, that without admitting or denying liability, that no proof of the alleged loss has ever been received by us, and until you comply with the conditions of the policy we are not aware of any claim you have against us, signed R. Wilson Hoffman, assistant secretary."

On the trial, several defenses, which were dependent entirely on disputed facts, were urged, and were submitted to the jury, and a verdict returned in favor of the plaintiff.

By the defendant's own showing, the loss was a total one. A notice was received by the company within twenty-four hours thereafter; it was acted upon by an authorized adjuster who

viewed the premises and conferred with the owner as to his title and the occupancy of the building, and agreed to prepare proofs of loss for $175, leaving as the only matter in controversy, the amount of liability of the company.

The company had full and prompt notice of a total loss, and no further notice or proofs of loss were necessary. As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already informed: Roe v. Ins. Co., 149 Pa. 94.

By the letter of the assistant secretary, who was also the adjuster who offered to prepare the proofs of loss for $175, the only defense therein suggested was the lack of proofs of loss, but on the trial, insufficient occupancy, refusal to arbitrate, and depreciated value, are urged in addition to the absence of formal proofs of loss.

By the answers given to plaintiff's sixth, seventh and tenth points, and the defendant's fourth and seventh points, the questions of occupancy of the building and the adjuster's knowledge of all the facts in relation thereto at the time he offered to make up the proofs of loss were fairly submitted to the jury and found in favor of the plaintiff's contention.

In the affidavit of defense, which is verified by the oath of this same secretary and adjuster, and in the defendant's bill of particulars, it is stated "that the whole value of the building destroyed was at the time of the alleged fire not more than three hundred dollars," and that the company could not be held responsible for more than two thirds of the value.

The defendant cannot play fast and loose in this way, for as was said by Chief Justice STERRETT in McCormick v. Ins. Co., 163 Pa. 184, "Every consideration of public policy demands that insurance companies should be required to deal with their customers with entire frankness and fairness. They may refuse to pay without specifying any ground, and insist upon any available ground, but when they plant themselves upon a specific defence, and so notify the assured, they should not be permitted to retract after the latter has acted upon their position as announced, and incurred expenses in consequence of it:" Earley v. Ins. Co., 178 Pa. 631.

Under the charge of the court, every necessary fact to sustain this verdict was fairly submitted to the jury.

The judgment is affirmed.