# Rice *v.* Palatine Insurance Company, Limited, of Manchester, England.

*Insurance—Fire insurance—Proof of loss—Waiver—Total loss.*

Where a house and barn are insured under the same policy, and the amount to be paid for each of the two buildings in case of a total loss is fixed, and there is a total loss, and the general representative of the company is notified, verifies the fact by inspection, and accepts verbal statements of the insured which are reduced to writing by the company's representative, and sixty days after the fire an adjuster is sent to adjust the loss, the question is for the jury whether the company has not waived a stipulation in the policy requiring sworn proofs of loss within sixty days after the fire.

Where a policy of fire insurance provides that an " ascertainment or estimate shall be made by the insured and this company, or if they differ then by appraisers," the company must show that an honest effort was made to agree upon the amount of the loss before it can estop the insured by setting up the failure of the insured to show an appraiser.

*Insurance—Fire insurance—Statement—Pleading.*

In an action upon a policy of fire insurance where the plaintiff in his statement avers that he " has fully complied with the terms of said policy so far as the law requires him to do so," and no exception is taken to the form of his statement by an affidavit of defense, demurrer, or rule for a more specific statement, and the defendant enters pleas of non assumpsit, payment with leave, etc., the defendant cannot after trial on the merits and on appeal allege that the statement failed to aver performance of the conditions of the policy, or a waiver. Such a statement is but a loose statement of a good cause of action which might have been required to have been made more specific by amendment, if objection had been promptly made.

Argued Feb. 12, 1901. Appeal, No. 26, Feb. T., 1900, by defendant, from judgment of C. P. Tioga Co., April T., 1899, No. 102, on verdict for plaintiff, in case of Erastus Rice v. Palatine Insurance Company, Limited, of Manchester, England. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before MITCH-ELL, P. J.

At the trial it appeared that the property insured consisted of a house and barn. The policy covered $800 on the house, and $125 on the barn. Both buildings were also insured in

another company. The loss was total. The policy required that within sixty days after a fire the insured should render a sworn statement or proof of loss. The policy also provided that the company should not be liable beyond the actual cash value of the property; " said ascertainment and estimate shall be made by the insured and this company, or, if they differ, then by appraisers." The facts relating to the waiver of the proof of loss are stated in the opinion of the Superior Court.

The court charged in part as follows.

[But we have read it in connection with the other testimony upon the subject as to what really was left open in the controversy between these parties; whether it was or was not only a question as to how much the loss was and how much should be paid in settlement of that loss by this company. If that was the only thing under the circumstances that was left open between these parties, and you are satisfied that is so, under the proof, by a reasonable construction of the evidence that has been admitted before you and is for your consideration, then we think, gentlemen, if you are satisfied by that and the other evidence in the case that the defendant company intended by its conduct in this case to waive its right to insist upon these written clauses in the policy of insurance that we have spoken of before, and the one about the proof of loss, and notice of the fire, and the particulars concerning it, and about having an appraisal, by agreement, by third parties; all this the jury may reasonably conclude constituted in fact a waiver in this case. We think if thus waived they cannot now operate in favor of the defendant to bar the right of this plaintiff to have damages for this loss, under this policy by the fire in question.] [7]

Defendant's points among others were as follows:

2. The plaintiff not having rendered to the defendant company within sixty days after the fire, nor at any time, a particular statement or proof of loss, signed and sworn to by himself, as required by the policy in suit, to wit, in lines 66–77 inclusive, he cannot recover, and the verdict must be in favor of the defendant. *Answer:* Refused. [1]

3. The policy in suit having been made and accepted on the following express stipulation and condition, forming a part of the consideration thereof, to wit:

" If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building therein described and the several parts thereof were occupied at the time of the fire; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged: "

And it being further expressly stipulated by said policy that " the loss shall not become payable until sixty days after the notice . . . . and satisfactory proof of the loss herein required have been received by this company: "

And, further, that " no suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements: "

And the undisputed evidence showing that the plaintiff rendered no such statement to the defendant company at any time, the plaintiff has no right or cause of action under said policy, and your verdict must be for the defendant. *Answer:* Refused. [2]

4. The policy requiring that, when the parties differ or disagree as to the amount of the loss, the same shall be ascertained by appraisers, and such submission to appraisers being by the terms of the policy expressly made a part of the consideration of the policy or contract of insurance, such submission or reference to appraisers and an award by them became and were conditions precedent to recovery on the policy, since by the terms of the policy the loss shall not become payable until sixty days after an award by appraisers, when appraisal has been required, and no suit or action on the policy for the recovery of any

claim shall be sustainable in any court of law or equity until full compliance by the insured with all the requirements of the policy.

And, the evidence showing a difference or disagreement as to the amount of loss, and no such ascertainment of amount of loss, either by agreement of the parties or by appraisal, no right of action has accrued to the plaintiff under said policy, and he cannot recover. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $945.72. Defendant appealed.

*Errors assigned* among others were (1–3–7) above instructions, quoting them. (8) Refusal of binding instructions for defendant. (9) That the statement did not set out any cause of action under the policy.

*Andrew A. Leiser*, with him *Jerome B. Niles* and *Aaron R. Niles*, for appellant.—Proofs of loss are part of the consideration of the policy and a condition precedent to a right of action, and to entitle plaintiff to recover he must prove performance: Universal Ins. Co. v. Weiss, 106 Pa. 20; Gould v. Dwelling House Ins. Co., 134 Pa. 570; Long v. Beeber, 106 Pa. 466; Carey v. Allemania Fire Ins. Co., 171 Pa. 204; Moyer v. Sun Ins. Office, 176 Pa. 579; Lycoming County Mutual Ins. Co. v. Schollenberger, 44 Pa. 259; Home Ins. Co. v. Davis, 98 Pa. 280.

The so-called "total loss" cases are all distinguishable from the case at bar, and are so distinguished by the Supreme Court in the case of the German American Ins. Co. v. Hocking, 115 Pa. 398. See also, Commercial Union Assurance Co. v. Hocking, 115 Pa. 407, Howard Ins. Co. v. Hocking, 115 Pa. 415, Carey v. Allemania Fire Ins. Co., 171 Pa. 204, Moyer v. Sun Ins. Office, 176 Pa. 579, and Konicz v. Teutonia Ins. Co., 8 Pa. Dist. Rep. 575.

The determination of the amount of loss by agreement of the parties, or by an appraisal, is a condition precedent to a right of action: Flaherty v. Germania Ins. Co., 1 W. N. C. 352; Hamilton v. Liverpool & London & Globe Ins. Co., 136 U. S. 242.

The appraisal clause in the policy in suit is irrevocable: Mc-

Gheehen v. Duffield, 5 Pa. 497; Lewis's App., 91 Pa. 359; Williams v. Tracey, 95 Pa. 308; McKenna v. Lyle, 155 Pa. 599; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; McCune v. Lytle, 197 Pa. 404.

The policy having provided a method for determining the amount of loss before suit, that method is exclusive: Everett v. London & Lancashire Ins. Co., 142 Pa. 332.

*D. W. Baldwin*, for appellee.—There was a waiver of proof of loss: Snowden v. Kittanning Ins. Co., 122 Pa. 508; Earley v. Mutual Fire Ins. Co., 178 Pa. 631; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568; Home Ins. Co. v. Davis, 98 Pa. 280; Farmers' Mutual Fire Ins. Co. v. Moyer, 97 Pa. 441; Thierolf v. Universal Fire Ins. Co., 110 Pa. 37; Moyer v. Sun Ins. Office, 176 Pa. 579; Davis v. Fireman's Fund Ins. Co., 5 Pa. Superior Ct. 506; Hower v. Susquehanna Mutual Fire Insurance Co., 9 Pa. Superior Ct. 153; Lycoming County Mut. Ins. Co. v. Schollenberger, 44 Pa. 259.

It has been expressly held by the Supreme Court that the appraisal clause in this policy cannot be enforced by either party: Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Yost v. McKee, 179 Pa. 381; Boyle v. Hamburg-Bremen Fire Ins. Co., 169 Pa. 349.

If the defendant went to trial without objecting to the statement, it thereby waived any defect: Larzarus's App., 83 Pa. 272; Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568; Ben Franklin Fire Ins. Co. v. Flynn, 98 Pa. 627.

OPINION BY WILLIAM W. PORTER, J., May 22, 1901:

This action is brought upon a policy of insurance against loss by fire. The property insured was a house and barn. Both were totally destroyed. The defendant alleges that the court below erred in not holding the company to be free from liability, because of failure by the plaintiff to furnish proofs of loss as required by the policy, and because the amount of the loss was not ascertained by agreement of the parties or by appraisal, as stipulated by the policy. It is further alleged that there was no waiver of these stipulations shown, and that the court below erred in submitting the question of waiver to the jury.

The policy sued upon is in the standard form. It contains a stipulation requiring a sworn statement of facts in writing to be made by the insured within sixty days after the fire, which document is commonly called the "proofs of loss." A sworn statement was not furnished by the insured. The effect of this would ordinarily be to deprive him of the right to recover on his policy, because of failure to show performance of condition precedent to his right of action. He, however, alleges that there was a waiver by the company of their right to demand the statement in the form required by the policy. To sustain this allegation the plaintiff adduces proof that he promptly notified the agent of the company immediately after the fire and that this was followed by a visit from the general agent and adjuster for the company about ten days after the fire. This representative went with the plaintiff to view the ruins. The plaintiff there furnished, as he says, " A description of the buildings in every shape, and he took his book and marked it right out, just as I gave it to him, the bigness of the buildings and the way it was built and the porches, and all that we gave him." The plaintiff further testifies that the representative of the company then said: " You go to Knoxville in the morning and we will try and fix this matter up right away and have it settled. And he spoke about my choosing a man to investigate the loss." The plaintiff then went to Knoxville, but the representative of the company was not there. Subsequently another adjuster was sent to adjust the loss. This was more than sixty days after the fire, and indicates that the company did not up to that time regard the plaintiff as in default for failure to furnish proper proofs of loss.

These facts, taken together with the company's alleged demand for an appraisement (which was only demandable upon an admitted liability for some amount, Mentz v. Armenia Fire Ins. Co., 79 Pa. 478; Snowden v. Kittanning Ins. Co., 122 Pa. 510) seem to us sufficient to warrant the submission to the jury of the question whether the defendant company did not accept the plaintiff's statements made at the ruins, and there reduced to writing by the representative of the company, as a sufficient statement of loss, and waive the obligation to furnish a formal statement in terms required by the policy. It was said, in 1859, that it is no new doctrine " that insurers may waive ob-

jection to defective compliance with such stipulations in the contract; that waiver in effect strikes the condition out of the contract; and that the waiver may be inferred from acts of the company evincing a recognition of liability." See Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 397. It is again said in 1896 that "waiver of proof of loss may be inferred from acts of the insurer which show a recognition of liability:" Freedman v. Providence Washington Ins. Co., 175 Pa. 359.

But further than this, it is undenied that the loss was total; that the house and barn were entirely destroyed. Where there has been a total loss, notice thereof communicated to the company has been frequently held to operate as a waiver of detailed and formal proofs, unless the company requires such proofs to be furnished : Lycoming County Mutual Ins. Co. v. Schollenberger, 44 Pa. 259 ; Carey v. Allemania Fire Ins. Co., 171 Pa. 209 ; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Dwelling House Ins. Co., 149 Pa. 94 ; Farmer's Mut. Fire Ins. Co. v. Moyer, 97 Pa. 441 ; Susquehanna Mutual Fire Ins. Co. v. Staats, 102 Pa. 529; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157 ; Hower v. Susquehanna Mutual Fire Ins. Co., 9 Pa. Superior Ct. 153 ; Thierolf v. Universal Fire Ins. Co., 110 Pa. 37 ; Davis v. Fireman's Fund Ins. Co., 5 Pa. Superior Ct. 506. Here the amount to be paid for each of the two buildings in case of a total loss was fixed, and the company had ample knowledge that a total loss had taken place. Upon the plaintiff's showing, knowledge was brought home to the general representative of the company that the loss was total. He verified the fact by inspection and accepted verbal statements of the insured which were reduced to writing by the representative of the company. In the authorities cited, we find a further reason for holding the proof of waiver sufficient at least to require the question of waiver to be submitted to the jury. "As a rule the law does not require vain things, and technical proofs could but restate that of which the company was already fully informed, hence to insist upon them in a case like that in hand, would be to oppose the barest technicality as a bar to the plaintiff's right to recover a strictly honest claim : " Ins. Co. v. Dougherty, supra. See also Earley v. Mutual Fire Ins. Co., 178 Pa. 631.

The defendant contends that the principle applicable to

cases of total loss may only be invoked where the insurance is upon a single structure and where but one insurance company is interested in the loss. The phrase, " single structure," undoubtedly appears in some cases, but we have seen no case in which the phrase can fairly be said to sustain the construction sought to be placed upon it by the appellant. The rule of law is based upon the absence of necessity to furnish details of loss where the sum of the details has been wiped out. In this case the property was a house and barn. Each had a fixed amount of insurance upon it. Both were totally destroyed. The reason for the rule, if it has been accurately stated, makes its application to such a case manifest. It is argued that notice of the existence and amount of concurrent insurance is an item to be included in the proofs, and that there was such insurance upon the buildings destroyed. But the existence and amount of other insurance was known to the general agent of the defendant company. He was in fact the general agent of both companies. When he reduced to writing the plaintiff's statement of loss, he was in a position to verify his information, had he desired. Having the knowledge, it may be that he did not, on behalf of the company, require it to be verified by the oath of the insured. At all events, the determination of the question, whether there was a waiver of more specific proof, was sufficiently raised to submit it to the jury.

We pass to a consideration of the failure to secure an ascertainment of the loss by agreement of the parties or by an appraisement. It has been often held that suit by the insured without preliminary appraisement is sustainable because the agreement being revocable does not bind him. The identical clauses now before us were passed upon by the Supreme Court in the very recent case of Needy v. German American Ins. Co., 197 Pa. 460. See cases there cited. But assuming the clause requiring appraisement to be enforceable, it is not operative until there has been an honest effort made to agree upon the amount of the loss. When this effort has failed, and not until then, " can either party have a right to. say, we differ and our points of difference must be referred to arbitrament under the terms of the policy: " Boyle v. Hamburg-Bremen Fire Ins. Co., 169 Pa. 349. A scrutiny of the evidence fails to disclose any honest effort on the part of the company to reach an agreement as to the amount

of the loss. The plaintiff asserts positively that no effort was made in this behalf. There is no evidence which may fairly be said to show that the parties disagreed as to the value of the property destroyed. When the plaintiff went to Knoxville pursuant to the request of the representative of the company, it is alleged that he found there a contract providing for the appointment of appraisers. He denies that he saw such a contract, but the writing itself does not suggest that there had been any unsuccessful effort made to agree on an amount, although there is some evidence that the defendant's representative suggested the choosing of arbitrators, but the plaintiff denies that this suggestion was made because of or pursuant to any unsuccessful attempt to agree upon the amount of the loss. In the absence of denial of liability and of evidence showing that an honest effort was made to agree upon the amount of the loss, it is not within the power of the defendant to estop the plaintiff by setting up the failure of the plaintiff to show an appraisal.

The appellant alleges that the statement of claim fails to aver performance of the conditions of the policy or a waiver. The language of the statement is that the plaintiff "has fully complied with the terms of said policy so far as the law requires him to do so." An affidavit of defense was filed, which, so far as we are informed, took no exception to the form of the statement. The defendant entered pleas of non assumpsit and payment with leave, etc. No demurrer was filed to the statement and no rule for a more specific statement was entered. The language quoted is not specific, and had objection been promptly made it may be that amendment would have been required. As it stands it is sufficiently general to cover the proofs introduced in support of the claim upon the policy. See State Ins. Co. v. Todd, 83 Pa. 280. It is not bad because of failure to show a cause of action. It is but a loose statement of a good cause of action.

The assignments of error are dismissed and the judgment is affirmed.