James M. Davis and Morris Barnett, as Barnett & Davis, for use of John E. White, *v.* Fireman's Fund Insurance Company, of San Francisco, California, Appellant.

*Insurance—Knowledge by company—Conditions.*

Where at the time of issuing an insurance policy the company knows that one of the conditions thereof is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up a breach of said condition. The same rule prevails when the company ought to have known the facts constituting the alleged breach.

*Evidence—Copy of proof of loss.*

It being shown that the original proof of loss is not within the jurisdiction, a duly proven copy is admissible.

*Total loss—Notification—Technical proof not demanded.*

The building being totally destroyed by fire, notice of that fact to the company is sufficient, no further or technical proof of loss is necessary.

*Insurance—Proofs of loss—Waiver of objection.*

If proofs of loss be furnished in time a waiver of objection to the same may be inferred by mere silence.

An insurance company is not in position to take advantage of any defects in the proofs of loss if it fails to object to the same and demand further proofs of loss from plaintiff.

*Practice, Superior Court—Appeals—Defective assignments.*

Assignments are defective in not containing the answer of the court to points presented, also when they embrace two points and raise two questions.

*Refusal to enter nonsuit not error.*

No assignment of error lies to the refusal of the court to enter a compulsory nonsuit.

Argued May 10, 1897. Appeal, No. 25, April T., 1897, by defendant, from judgment of C. P. Beaver Co., on verdict for plaintiffs. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Assumpsit on policy of fire insurance. Before WILSON, P. J.

It appeared from the evidence that plaintiffs erected a one-story frame shingle-roofed building, which was occupied by them as a clothing store and sleeping room which they had leased

from one William Wagner. What the terms of the lease were and whether the building was owned by plaintiffs or by the landlord, does not appear from the evidence.

On April 9, 1891, a policy of insurance against direct loss or damage by fire to this building was issued by the local agent of this company, at the plaintiffs' request. This policy was for $475. The interest of plaintiffs therein was afterwards transferred to the use plaintiff. The building, counter and shelving insured were destroyed by fire on the 10th of October, 1893, and the insurance company refusing to pay the amount of the policy, suit was brought thereon by plaintiffs for the use of John E. White. The policy contained the following conditions : " This insurance policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." No such agreement was indorsed on this policy, and defendant contended that because the building was on leased ground, and also because the plaintiff did not own the subject of insurance, the court below ought to have taken the case from the jury. The other matters wherein the court below is alleged to have erred in the admission of evidence, etc., will appear in the various assignments of error.

Verdict and judgment for plaintiff for $531.32. Defendant appealed.

*Errors assigned* were (1–4) refusal to answer plaintiffs' first, second, fourth and third points : " 1. The alleged proofs of loss not complying even substantially with the terms of the policy, are insufficient ; and the plaintiff therefore not having complied with the requirements of the policy, is not entitled to recover in this case and the verdict must be for the defendant. 2. The policy in suit providing ' that this policy is made and accepted subject to the foregoing stipulations and conditions, and that no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provision and condition, no officer, agent, or representative shall have

such power or be deemed or held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached hereto.' And no agreement with regard to the leasehold being indorsed thereon, parol evidence of the agent's knowledge of the actual facts are inadmissible, and the evidence showing clearly and indisputably that the building destroyed was upon leased ground, the verdict of the jury must be for the defendant. 4. The policy providing that this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple; and the evidence showing clearly that the subject of insurance was a building on ground not owned or even claimed by the plaintiff, the court is respectfully requested to direct the jury to find a verdict for the defendant. 3. Under all the evidence in the case the verdict must be for the defendant." (5) In admitting the following offer on the part of the plaintiffs: " Plaintiffs' counsel offers in evidence copy of the proof of loss." (6) In overruling motion for compulsory nonsuit. (7) In overruling defendant's objection to the cross-examination of Charles W. Hurst with reference to the policy in question: "Plaintiffs' counsel propose to show that on the face of the policy itself it shows he had notice that it was in strict conformity to the condition of things and in accordance with the facts." (8) In admitting the testimony of J. M. Davis, on the part of the plaintiff, in rebuttal, which was as follows: " You may state to the court and jury whether or not you were present at the time that Mr. Hurst, the agent, was over there looking at that property with a view of insuring it." (9) In admitting the testimony of Morris Barnett, in rebuttal, which was as follows: " Q. You have already testified you were the party or person who took out this policy in the first instance? A. Yes, sir. Q. At the time of the negotiations, Mr. Barnett, relative to this insurance, state whether or not at the time you had any conversation, or what was said to Mr. Hurst about the property being leased property or not. State what occurred. Objected to. By the Court: It is admitted as proper rebuttal." (11) In the charge as follows: " It is further relied upon by the defense and urged that under the terms of the policy, as

provided therein, ' this policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such conditions and provisions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.' It is contended that there was no agreement attached to or written upon the policy between Barnett & Davis, or between White, when he took an assignment of it, and the agent of the defendant company, Mr. Hurst. The court cannot instruct you that that would be a bar to recovery in this case." (12) To a portion of the charge as follows: " But it is contended on behalf of the defendants in this case, that under the terms and conditions of the policy the plaintiff is not entitled to recover. It is provided in the policy that ' If fire occur the insured shall give immediate notice of any loss thereby in writing to this company; protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of the loss thereon, and all incumbrances thereon,' etc., and other requirements it is not necessary for the court to read. As has been said, the defense contends, that the plaintiff in this case did not comply with this term or condition of the policy. That he failed to furnish or serve upon the defendant company a sufficient proof of loss, and that for that reason, if for no other, they, the defense, would be

entitled to a verdict. It is in testimony, that the plaintiff in this case attempted or did serve upon the agent of the defendant company, who countersigned the policy, with a notice of some kind; that an attempt was made to furnish him with a proof of loss—at least serving upon him a paper which he has sworn to, purporting to be a proof of loss. That under the direction of the agent, into whose hands he had placed this paper—the agent then being ill—he put the same in the post-office, at his request, evidently inferring that it would be sent to the company. It also appears from the testimony, that the company never rejected the proof of loss, or the paper furnished by the plaintiff as such proof of loss, or an attempt on his part to furnish one, and even up until this time they have not signified, except in the trial of the case, in any way that that proof of loss was insufficient. Under the law, gentlemen, if the insured in good faith and within the specified time—the stipulated time—does what he plainly intends is a compliance with the requirement of the terms of his policy respecting proofs of loss, good faith requires that the insurer shall promptly notify him of any objection thereto, so as to give him the opportunity to correct the same. And mere silence may so mislead him to his disadvantage as in itself to be sufficient waiver by estoppel. On this branch of the case, gentlemen, there being no testimony on the part of the defense that they had refused or notified the plaintiff in the case that the paper furnished them was not a sufficient proof of loss, under the policy—if you find from the evidence that he did so furnish a paper and in good faith attempted to furnish a proof of loss to the defendant company, and they for an unreasonable time retained that in their possession, not notifying the plaintiff that it was insufficient, then this would not be a good defense." (13) The charge of the court below was inadequate and insufficient, in that it wholly fails to instruct the jury in regard to the evidence which is necessary to establish a parol waiver in the case of an express stipulation in the policy that nothing should amount to a waiver unless specifically agreed to and indorsed on the policy. (14) The charge of the court below was inadequate in that it failed to instruct the jury clearly as to the facts and the law applicable to the facts in this case.

*Wm. A. McConnel*, with him *John M. Buchanan*, for appellant. —The copies of the proof of loss were inadmissible : Megarge v. Ins. Co., 37 Leg. Int. 4.

On the question of waiver, cited Beatty v. Ins. Co., 66 Pa. 9 ; Trask v. Ins. Co., 29 Pa. 198 ; Edwards v. Ins. Co., 75 Pa. 378 ; Freedman v. Ins. Co., 175 Pa. 350.

The court did not allow the jury to decide whether or not the silence of the company and failure to return the alleged proofs of loss would constitute a waiver, but instructed them that it would be a waiver. This was error, as that was a question for the jury to decide, and not the court: Oswalt v. Ins. Co., 175 Pa. 427 ; Snowden v. Ins. Co., 122 Pa. 502 ; Gould v. Ins. Co., 134 Pa. 570 ; Shoe Co. v. Ins. Co., 138 Pa. 73.

The assignee takes the policy subject to all the express stipulations contained therein : Ins. Co. v. Roberts, 31 Pa. 438 ; Burger v. Ins. Co., 71 Pa. 422.

To constitute an estoppel by acts in pais, which is relied on by the plaintiff to establish a waiver of the express conditions contained in the policy, it is necessary to prove affirmatively three things : (1) Misrepresentation or wilful silence by one having knowledge of the facts ; (2) that the actor having no means of information was, by the conduct of the other, induced to do what otherwise he would not have done ; (3) that injury would ensue from a permission to allege the truth : Com. v. Moltz, 10 Pa. 527 ; Eldred v. Hazlett's Administrator, 33 Pa. 307.

The present case lacks two of these essential elements, to wit: the first, and especially the second. The plaintiff had means of information but did not use them, and it does not appear that he relied on the statements alleged to have been made to Barnett & Davis.

This is an essential element in order to work an estoppel by matter in pais : McKnight v. Bell, 135 Pa. 358.

Such an inadequate presentation of a case was held to be reversible error by this court in the case of Minick v. Gring, 1 Pa. Superior Ct. 484. See also Peirson v. Duncan, 162 Pa. 187.

*Richard S. Holt*, with him *J. H. Cunningham*, for appellees. —The proofs of loss in this case were sufficient. The subject of the insurance was a house valued at $514.33 and was a total

loss.   In such a case all that the insured is required to do is to give notice of the loss : Ins. Co. v. Cusick, 109 Pa. 157; Ins. Co. v. Dougherty, 102 Pa. 572.

There was prima facie service of proofs of loss on the company : Ins. Co. v. Toy Co., 97 Pa. 424.

The proofs of loss sent to the company were retained by it without any objection or complaint of insufficiency, until the time of the trial, which was more than two years after the service of the same.

If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, respecting proofs of loss, good faith requires that the insurer shall promptly notify him of any objections thereto, so as to give him the opportunity to obviate them, and mere silence may so mislead him to his disadvantage, as of itself to be sufficient evidence of waiver by estoppel : Gould v. Ins. Co., 134 Pa. 570; Assurance Co. v. Hocking, 115 Pa. 407; Moyer v. Ins. Co., 176 Pa. 579; Ins. Co. v. Flynn, 98 Pa. 627; Ins. Co. v. Hocking, 115 Pa. 398; Ins. Co. v. Block, 109 Pa. 535.

The original not being within the jurisdiction of the court, a duly proven copy was admissible : Rhodes v. Seibert, 2 Pa. 18; Otto v. Trump, 115 Pa. 425.

If the agent knew that the building was on leased ground, then under the ruling of the Supreme Court in the case of Caldwell v. Fire Association, 177 Pa. 492, the insurance company is estopped from setting up the fact as a defense.

OPINION BY REEDER, J., July 23, 1897 :

The defendant claims that the court below erred in submitting this case to the jury, first, because there could be no recovery, the policy containing the condition that it should be void "if the subject of insurance be a building on ground not owned by the insured in fee simple;" second, that no proofs of loss were proven to have been made to the company after the loss of the building.

It is admittedly true that the plaintiff's building was constructed upon land the possession of which was acquired by the plaintiff by lease, that no application was filed, no fraudulent representations made by the plaintiff in the acquiring of

the insurance. It was testified to upon the trial that before the issuing of the policy the agent of the defendant company went upon the property and was told that the plaintiff's interest in the property was that of a leasehold.

The right to recover under such circumstances, in spite of a condition of this character written in the policy itself, has been repeatedly determined by the Supreme Court, so that it may be regarded as being the well established law of this commonwealth. In Caldwell v. Fire Ins. Co., 177 Pa. 492, it was held that a mistake in the policy had been made; it was chargeable not to the insured but to the company's agent; and it should be imputed to the company itself. In that case Chief Justice STERRETT says: " the policy in suit provides, among other things 'that it shall be void if the interest of the insured be not truly stated therein, or if the interest of the insured be otherwise than unconditional and sole ownership.' The learned judge was asked to hold as a matter of law that there had been such violation of these provisions of the policy that there could be no recovery thereon. This he refused to do, and in view of the facts and for the reasons suggested by him in support of his judgment, we are not prepared to say that there is any substantial error therein. We find nothing in the record that requires reversal."

Again, " where at the time of issuing an insurance policy the company knows that one of the conditions thereof is inconsistent with the facts and the insured has been guilty of no fraud the company is estopped from setting up a breach of said condition. The same rule prevails when the insurance company ought to have known the facts constituting the alleged breach:" Wood on Ins., par. 427; Ins. Co. v. Spencer, 53 Pa. 353.

In Phila. Tool Co. v. British–Am. Assurance Co., 132 Pa. 236, the policy contained a provision similar to the provision in this policy of insurance, that it should be void if the assured was not the sole and unconditional owner of the property, or if the building stood on ground not owned in fee simple by the assured, or if the interest of the assured was not truly stated, unless consent in writing was indorsed on the policy by the company. Justice WILLIAMS in that case says: " A policy of insurance, like any other contract, is to be read in the light of the circumstances that surround it. This policy was issued

without any application or written request describing the interest of the assured in the buildings. No actual representation of any sort upon the subject, oral or written, is alleged to have been made by or on behalf of the assured. We ought to assume that a policy written under such circumstances was written with the knowledge of the representative of the insurer and intended to cover in good faith the interest which the assured had in the buildings. Fraud is never to be presumed, and in this case no fraudulent representation is shown or alleged—it can be deduced from the statements of the insurer made, as we presume, with the knowledge of its representative, and for which the assured is in no manner responsible."

These cases clearly indicate that a clause of that character in a policy of insurance where the insurer had full knowledge of the fact that the insurable interest upon which the policy issued was a leasehold and not a fee simple, is nevertheless an insurance of the leasehold interest, and the policy is not void because " the building is on ground not owned by the insured in fee simple."

The assignment of error to that part of the charge of the court or the ruling upon the point submitted by the defendant, and the objection made to the offer of a copy of defendant's proof of loss, cannot be sustained. The defendant company is a company having its main office in the state of California. This was a second trial of the same issue, the first having resulted in a mistrial. At the original trial, the original proofs of loss were present and offered in evidence. A subpoena to produce the original was served on the only agent of the company shown by the testimony to be within the jurisdiction of the court. The defendant was called upon at the trial to produce the original proofs of loss. They declared their inability to do so; that so far as they knew they were not then within the jurisdiction of the court. The plaintiff then offered a copy of the proofs of loss, which one of the witnesses testified he had carefully compared with the original proofs of loss, which had been mailed by one of the plaintiffs addressed to the defendant company at their principal office in San Francisco. When this preliminary proof was made, the copy of the proof of loss was admitted in evidence, the defendant objecting to its admission. The original not being within the jurisdiction of the court a duly proven

copy was admissible : Rhodes v. Seibert, 2 Pa. 18 ; Otto v. Trump, 115 Pa. 425.

It is also contended by the defendant that, even though the papers offered in evidence as proofs of loss were properly admissible, they are inadequate according to the terms of the policy. The building was totally destroyed by fire. The proofs of loss contained a statement of that fact. Where there has been a total loss of the building, and the company has been notified of that fact, no further or technical proof of loss is necessary : Roe v. Ins. Co., 149 Pa. 94 ; Ins. Co. v. Weiss Bros., 106 Pa. 20.

But even though the proofs of loss could be held to be defective, nevertheless the defendant is not in position to take advantage of any defects in the proofs of loss because of his failure to object to the same, and to demand further proofs of loss from the plaintiff. If proofs of loss be furnished in time, a waiver of objections to the same may be inferred from mere silence : Gould v. Ins. Co., 134 Pa. 570 ; Whitmore v. Ins. Co., 148 Pa. 405 ; Welsh v. London Ins. Co., 151 Pa. 607 ; Carpenter v. Ins. Co., 156 Pa. 37 ; Dowling v. Ins. Co., 168 Pa. 234 ; McGonigle v. Ins. Co., 168 Pa. 1.

This disposes of the subject-matter of all the exceptions. We desire to say however that even had we not decided this case upon the merits, we should have been obliged to come to the same conclusion, and affirmed the judgment of the court below because of the insufficiency of the assignments of error, they not being in compliance with the rules of this court. The first, second, third and fourth assignments are defective in not containing the reply of the court to the points presented. It is not in accordance with our rules of court to say in the assignments of error that the court declined to charge as requested. The answer of the court to the request must be set forth totidem verbis. The fifth assignment is defective under our Rule 15 since it embraces two points and raises two questions—first whether the copy of the proof of loss was admissible ; second, whether the proof of loss, if furnished was such as the policy required. These questions are wholly independent of each other. Each rests on its own ground, and may be answered either affirmatively or negatively without involving the decision of the other. Moreover, the only exception shown by the assignment is to the ruling on the ground of the objection " that it was the duty

of the plaintiff to have the proof of loss here." This might be conceded without affecting the question raised by the offer. Secondary evidence, such as the offer presented is always admissible when the requisite ground has been laid. The objection here is not that this ground has not been laid, but that the duty of having the primary evidence has not been performed. Neither an objection nor an assignment of error is to be taken as implying more than it expresses ; what is not stated must be regarded as beyond its intent. In the absence of any objection based on failure to lay ground for the secondary evidence offered, it must be taken for granted that ground had been laid, and therefore that the secondary evidence was admissible. In this view there was nothing for the objection to operate upon.

The sixth assignment of error is to the failure of the court to enter a compulsory nonsuit. This is not the subject of an assignment of error. Error does not lie to the refusal of a nonsuit : Bavington v. Railroad Co., 34 Pa. 358 ; Pownall v. Steele, 52 Pa. 446 ; Mobley v. Bruner, 59 Pa. 481 ; Easton Borough v. Neff, 102 Pa. 474.

The other assignments of error, except the thirteenth and fourteenth are correct in form but they are all without merit, and are fully covered by what we have already said with reference to this case.

Judgment affirmed.