## Alex. Stainer, to the use of the Northampton County Building & Loan Association *v.* Royal Insurance Company, of Liverpool, Appellants.

*Insurance—Proof of loss by assignee of policy—Act of* 1883.

The Act of June 27, 1883, P. L. 165, was intended to avoid a number of technical defenses which had theretofore been plentifully made as to the character and time of the furnishing of proofs of loss, and this act provides that where a policy of insurance is held by the assured or an assignee of the same as collateral security, the proofs of loss can be made either by the assured or the assignee.

The equitable assignee of an insurance policy held by him as collateral security for a bond and mortgage may therefore make proofs of loss.

*Insurance—Waiver of proof of loss.*

Where no objection was made or exception taken to the proofs of loss as furnished by the use plaintiff any informality therein whether as to form or the party making them must be taken as waived.

*Insurance—Forfeiture by reason of foreclosure.*

The entry of judgment on a bond accompanying a mortgage and the sale of the property is not a foreclosure which gave the defendant the benefit of that condition in the policy which worked a forfeiture "if with the knowledge of the insured, foreclosure proceedings be commenced or notice given of the sale of any property covered by this policy by virtue of any mortgage or trust deed." It follows that a sale on the bond accompanying a mortgage does not work a forfeiture under the above clause when the premises are destroyed by fire between the date when they were advertised under the fi. fa. and the date of sale.

*Amendment of irregular pleadings—Statute of amendments.*

Where pleadings are irregular and imperfect but not necessarily defective the court must, if possible, give such effect to them and operation to the statute of amendments as will secure a trial upon the merits, provided it lead to results that will not prejudice the defendant and may subsequently be pleaded as an adjudicated determination of the litigated matters, if any other suit were instituted.

*Insurance—Equitable plaintiff—Cause of action—Time limit—Amendment—Rules of court.*

Where by the terms of the policy the loss, if any, is made payable to a mortgagee as his interest may appear, the cause of action is the rights of the assured alone, and without assignment the process must run in his name.

Suit having been brought in the name of the assured as legal plaintiff for the use of a mortgagee, to whom by the terms of the policy the loss was made payable without assignment, a statement was filed by the equitable plaintiff claiming a balance of $486.46, due from the legal plaintiff, but also set forth that the full amount due on the policy was $800; at the trial an amendment was allowed, setting forth " that no part of the insurance has been paid by the defendant, and that this suit is brought to recover said sum of $800 and interest." *Held,* that the allowance of such amendment was not reversible error, either as introducing a new cause of action barred by the limitation of time contracted for in the policy within which an action could be maintained, or as offending against the rules of court of Northampton county.

Argued Dec. 5, 1899. Appeal, No. 59, Oct. T., 1899, by defendant, from judgment of C. P. Northampton Co., July T., 1897, No. 9, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before SCOTT, J.

It appears from the record that Alex. Stainer obtained a policy of insurance from defendant company for $800 on his house and $200 on his furniture. Having obtained a mortgage from the Northampton County Building & Loan Association the policy was indorsed by the agent of the defendant company as follows: " Loss, if any, now made payable to the Northampton County Building & Loan Association as their interest may appear." The policy further provided among other things that it should be void if foreclosure proceedings be commenced or notice given of the sale of any property covered by the policy by virtue of any mortgage or trust deed, or if any changes other than of death by the insured take place in the interest,

title or possession of the subject of insurance, whether by legal proceedings or a judgment, or by voluntary act of the insured or otherwise.

On October 9, 1896, the association entered up the bond accompanying the mortgage against Stainer claiming a balance due by him of $507.79, and issued execution the same day. On December 12, the property was sold under execution on the fi. fa., and on November 2, between the date of levy and advertisement, the property burned down. The equitable plaintiff then brought suit in the name of the insured as legal plaintiff to recover, claiming $486.46 and interest from October 9, 1896, being the balance due from the legal plaintiff.

At the trial the court allowed plaintiffs to amend their statement so as to claim the entire amount due on the policy with interest. Proofs of loss were submitted in due time by the equitable plaintiff to the company and received by them.

The facts more fully appear in the opinion of the court.

Verdict was entered for plaintiff for $848.37, and a rule for judgment non obstante veredicto was discharged in the following opinion of the court below:

The defendant issued to Alex. Stainer a policy of insurance, dated November 28, 1893, indemnifying him against loss by fire in the sum of $1,000, for the period of five years, of which $200 was on personalty. June 23, 1894, the insured borrowed $500 from the Northampton County Building & Loan Association, executing as security for the payment thereof a mortgage and judgment bond. June 22, (the day previous), in anticipation of the loan, at the instance of the association which required the insurance policy as collateral, and with the consent of the insured, the agent of defendant indorsed upon it, "Loss, if any, now made payable to the Northampton County Building & Loan Association as their interest may appear."

October 9, 1896, in default of payment by Alex. Stainer, the association entered judgment against him, upon the bond, which accompanied his mortgage, for $507.79, issued the same day a writ of fieri facias, and made a levy thereon October 10. The loss by fire for which this suit is brought occurred November 2. The sheriff, on November 11, advertised the sale, and the real estate was sold by him to a stranger on December 12.

Upon the trial a verdict was taken for the plaintiff, covering the ascertained amount of loss, subject to the determination of the point reserved, whether there be in the case any evidence which entitles the plaintiff to recover: Fisher v. Scharadin, 186 Pa. 565.

The defense embraced two propositions, viz: 1. That the policy had lapsed before the loss, by reason of forfeiture under the condition, " If, with knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed." 2. That the use plaintiff could not maintain suit, as the covenants were made with the assured; that the statement of claim then filed was for the recovery of such part of the actual loss only, as would satisfy the indebtedness of the association, and that the amendment filed introduced a new cause of action barred by the limitation of time, contracted for, within which an action could be maintained.

1. The following admission upon the trial supplements the proven facts stated above. " It is admitted that the levy of October 10, 1896, which was offered in evidence, as it appears on the sheriff's return, is in the handwriting of George Young, Esq., the solicitor and secretary in this case (of the Building and Loan Association), and between that date and the date of the fire he made known this execution to Alex. Stainer." There is no provision that the policy shall become forfeited if the property insured be taken in execution, but it is otherwise if any change takes place in the interest, title or possession of the subject of insurance. . It is evident that the notice given to the owner did not relate to the " sale of any property covered by the policy." The only contention urged of. forfeiture is that " with knowledge of the insured, foreclosure proceedings were commenced," by virtue of the mortgage. As contracts for forfeiture are not extended beyond the strict letter of such necessary interpretation, and are not favored in law, it is held that the issue of a scire facias upon a mortgage itself, an incumbrance upon the property at the time of insurance, will not alone impair it: Weiss v. American Fire Insurance Co., 148 Pa. 349. The condition there is not distinguishable from this. It was " If foreclosure suit shall have been or be hereafter begun, or the title or possession .be now or hereafter become in any way

involved in litigation." Certainly, initial process for collection of a mortgage is in a popular sense the beginning of a foreclosure suit; it is the first step, without which the eventual purpose could not be reached adversely. But it seems these provisions are to receive such a construction that they will not be taken as forfeitures until it can be said the equity of redemption in the mortgagor is about to be extinguished, whereby change of title or possession is impending; so that the second clause of the condition here specifying notice of sale preceded by " or," is not to be treated as alternative solely. In the case cited the Supreme Court said : " The scire facias was not a technical foreclosure within the meaning of the policy. . . . Nor do we think it was violated in spirit, as there had been no alienation of title or change of possession and increase of risk, which is the gist of the reason for the clause referring to foreclosure." Although the mortgage was upon the property when the policy of insurance was executed, while in the present controversy, the lien was created subsequently, yet as it was done with the consent of the company, whose agent undertook to make the loss payable to the mortgagee to secure it, there can be no other application of the rule.

But in this case there was no writ issued upon the mortgage at all. No technical foreclosure proceedings were ever commenced. Judgment was entered upon the bond and a writ of fieri facias issued, upon which a levy was made, and thus the matter remained until after the fire. No change had taken place in the interest, title or possession of the insured. It may be conceded that after a sale upon this judgment the equity of redemption would be extinguished, but this was not the result of " foreclosure." A similar condition was presented in Collins v. Assurance Co., 165 Pa. 298. The policy there was to be avoided " if with the knowledge of the insured, foreclosure proceedings be commenced by virtue of any mortgage or trust deed." Five years after a mortgage had been given a judgment was executed to the mortgagee as additional security for the same debt, upon which subsequently execution was issued, followed by sale; four hours before the acknowledgment of a sheriff's deed the property insured was destroyed by fire. These circumstances were held not to be within the condition of forfeiture; although the right of redemption was lost by the sale it

was not under a foreclosure. And it will be easily perceived that at all times after this judgment was entered until the period of the loss, the hazard of the insurer was at least no less than in the present dispute.

The long interval existing without other security than the mortgage, after which that judgment was entered, is not an element for consideration in measuring the limitations of the rule there announced. Both were for the same debt, and from the time the judgment was given the situation of all parties was precisely the same as here. Even the sale itself, which gave the purchaser an insurable interest of his own, did not change the ownership within the sense of the condition. These authorities must be accepted as controlling ones of the proposition advanced.

2. The pleadings are, it must be conceded, irregular and imperfect, but are not necessarily defective. We must, if possible, give such effect to them and operation to the statutes of amendments as will secure a trial upon the merits, provided it lead to results that will not prejudice the defendant and may subsequently be pleaded as an adjudicated determination of the litigated matters, if any other suit were instituted.

The indorsement on the face of the policy, June 22, 1894, by which the loss, if any, was made payable to the Building & Loan Association, was not an assignment of the contract of insurance by Alex. Stainer. The act of the company's agent was not supported by any new consideration moving to him. Made with the consent of the assured and upon the consideration of a loan, as between the building association and Alex. Stainer, the indorsement would operate as an equitable assignment by the latter of the right to receive the proceeds of the contract upon a loss, or so much thereof as would satisfy any unpaid balance due on its own obligation against him. The indorsement by the insurance company is thus held to be an acknowledgment of notice to it in equity of the association's claim, and actual voluntary payment could not otherwise be made: 2 Wood on Fire Ins., sec. 367. There is a material difference between the case where, in the contract of insurance upon the original consideration, a loss is made payable directly to a third person (or an assignment of it afterwards, with the consent of the insurer), by which the beneficiary or assignee may

sue, upon the covenants for himself, and one in which there is no privity of contract between the company and the assignee, but notice only of the contract between the latter and the assured. In any event, the cause of action is the rights of the assured alone (Guaranty Co. v. Powell, 150 Pa. 16; Fire Ins. Co. v. Roberts, 31 Pa. 438; DeBolle v. Penna. Ins. Co., 4 Whart. 72; Hamilton v. Brown, 18 Pa. 87; 2 Wood on Fire Ins., sec. 514), and without assignment, the process must run in his name. It is not necessary here to inquire whether the Building & Loan Association had that kind of interest under which it could institute this suit, without the consent of Alex. Stainer, or against it (vide Guaranty Co. v. Powell, supra), as two days after the præcipe for summons was filed the insured himself caused an appearance to be entered by separate counsel for its prosecution, and the cause of it being the breach of covenants made with Stainer upon his contract, the defendant has no prejudicial ground of complaint to question the form of recovery: Hamilton v. Brown, 18 Pa. 87. It is the suit of Alex. Stainer, the legal plaintiff, and a judgment in his favor in this action, for any amount, or for the defendant would be an adjudication of the whole controversy, and a bar to subsequent demands: Marsh v. Pier, 4 R. 273, 288; Hill v. Joy, 149 Pa. 243. If strict technical exactness required that the name of the use plaintiff should have been eliminated, which does not necessarily result, such correction could be made after verdict, judgment, or even appeal: Adams v. Edwards, 115 Pa. 217.

A verdict, therefore, could not be resisted under the original pleadings for the amount at that time claimed. If only part of the amount payable from a resulting loss passed by the equitable assignment to the building association, there could be no division of actions. The whole sum would then be recoverable by the insured and the mortgagee would protect itself by intervention. If Stainer had instituted the suit himself instead of adopting it, the action, not improperly, might have been prosecuted by him " for the use of the Northampton Building & Loan Association," since some part of the loss was thus payable. The defendant would have no concern with the manner by which the amount of its liability was apportioned between those having an interest in it, if the verdict was a bar against further proceedings by either of them.

The original statement claimed to recover the amount due the mortgagee only, although the last paragraph avers the loss occasioned by the destruction of dwelling house to be $800. Upon the trial, there being no evidence to show the value of any personal property destroyed, counsel for Stainer moved to amend the statement of claim by pleading a demand to recover the whole amount of the loss instead of so much of it as would satisfy the claim of the building association.   This amendment was allowed against defendant's objection.   There was no allegation of " surprise " nor any motion to continue, and they were not intended to be made.   The point of the contention is, not that amendments of this character are not permissible under the statutes, but that the application brought upon the record a new party or a new cause of action, and was not made until after the period of limitation appointed by the policy had expired.   Under the considerations above stated, his proposition is untenable.   The cause of action, to wit: the right of Alex. Stainer to recover on the policy for the loss, is the same, and the party is unchanged.   The statement in the suit when first brought, claimed part only, of what he was entitled to receive; but if he could recover anything, the identical proof which established that gave him the right to all.   He could not maintain his demand for the amount first stated without proving defendant's liability to pay the whole.   The amendment, if it was necessary at all, introduced no new parties, no new subject-matter, and no other cause of· action: Wilhelm's App., 79 Pa. 120; Smith v. Bellows, 77 Pa. 441.   In these respects the different conditions existing in Grier Bros. v. Assurance Co., 183 Pa. 334, are so obvious and apparent that they need no further suggestion.   In actual effect the present amendment is similar to a case which would be presented, if plaintiff had sued before the statutory bar, on a promissory note for $800, a copy of which was set out, but the pleader had inadvertently or by misapprehension misstated his claim to be for $500 : Tassey v. Church, 4 W. & S. 141.   The policy of insurance is the foundation of this suit; the cause of action is the breach of its covenants with Stainer to pay his loss, and the amended pleadings change neither it nor the proofs by which it is supported : Druckenmiller v. Young, 27 Pa. 97; Kaylor v. Shaffner, 24 Pa. 489.

25, (1900).]              Opinion of Court below.

Now, February 13, 1899, rule to show cause why judgment should not be entered for the defendant, non obstante veredicto, discharged, and judgment is hereby directed to be entered for the plaintiff on the verdict.

February 20, 1899, plaintiff excepts and bill sealed for him.

"BETHLEHEM, PA., February 18, 1899.

"HENRY W. SCOTT, Esq., Judge,

"Easton, Pa.

"My Dear sir : Your favor of this date at hand. I will bring along the opinion on Monday. Meanwhile, I presume you will have examined the transcript.

"My recollection of the point is that the affidavit of defense set forth that the proofs of claim were not sufficient and, when they were offered at the first trial, I objected to them on the ground that they were not Stainer's proofs, which objection was overruled and an exception taken.

"At the second trial they were produced by me upon notice. I then moved for a compulsory nonsuit, and at the end of the trial one of my points was for binding directions in favor of the defendant. This last point necessarily raised the question whether plaintiff could recover without having submitted his own proofs, but on the proofs furnished the company by somebody else. At the argument of the reserved point, 'whether there be in the case any evidence which entitles the plaintiff to recover,' I regarded it again as essential to point out to the court wherein the plaintiff's evidence was inadequate to sustain a verdict, and I was proceeding to tell the court that I had read the policy carefully, but was unable to find anywhere an authority given the building association to make the proofs as a substitute for Stainer, when I was interrupted by the court's saying that that was a point raised at the first trial, and that at the second trial I produced the proofs. All of this was no doubt true. I had produced them, but what I produced was the building association's proofs and not Stainer's proofs.

"Now, while all the other points raised appear to have been gone over in the opinion, this point, which seems to me of great importance, has been overlooked, and there is no expression by the court of its opinion on that one way or the other, which I regret, because, as the matter stands now, there is nothing on

34　　　　　STAINER v. INSURANCE CO.

Opinion of Court below—Assignment of Errors. [13 Pa. Superior Ct.

that subject which can be reviewed except incidentally, the court having found substantially that the evidence did entitle the plaintiff to recover. I mention all this, because your recollection appears to be that no such point as that was raised or argued.

"Yours truly,　　　W. E. DOSTER."

Supplement to opinion filed February 3, 1899.

No argument was addressed to me upon the within-stated proposition, nor did I understand that it was a matter to be disputed after the admission upon the record. It is, however, covered by the reserved point.

But proofs of loss may be made by a mortgagee, having an assignment of the policy, or by other persons having the substantial beneficial interest therein: 2 Wood Fire Ins. 438.

Let this be made part of the record. Eo die plaintiff excepts and bill sealed.

Defendant appealed.

*Errors assigned* were (1) in entering judgment on the verdict in favor of plaintiff non obstante veredicto. (2) In overruling our last point, that the proofs were insufficient, and that the plaintiff, Alexander Stainer, could recover without having submitted his own proofs, which was done in their supplementary opinion of February 20, 1899, reciting same. (3) In overruling defendant's first point, which was as follows: 1. That the policy lapsed before the fire, by reason of forfeiture under the condition 'If with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of the sale of any property covered by this policy, by virtue of any mortgage or trust deed.' (4) In overruling defendant's second point, which was as follows: 2. That the use plaintiff cannot maintain suit, as the covenants were made with the assured; that the statement of claim then filed was for the recovery of such part of the actual loss only, as would satisfy the indebtedness of the association, and that the amendment filed introduced a new cause of action barred by the limitation of time, contracted for, within which an action could be maintained. (5) In entering judgment for plaintiff on a petition for an amendment, not sworn or subscribed by the petitioner, and no cause shown for his neglect to verify

the same, in disregard of the rules of court. "Rule sec. 121: The verification of the pleadings shall be by affidavit of the party, or if the party be a firm, by one of the firm; or if there be several parties united in interest, and pleading together, by one at least of such parties; but if the verification be by one of the parties on behalf of all, it shall so state, otherwise it may be treated as the individual verification of the person making it. The verification may also be made by the agent of the party, if all the material allegations of the pleadings are within his personal knowledge; but then, the fact of the agency, and the reason why the verification is not made by the party, shall be stated:" "Rule sec. 128: Amendments of the pleadings as to the facts shall be verified by affidavit." (6) In entering judgment on the verdict and thus allowing Stainer to recover for furniture of which no loss was established by the testimony. The loss on building by the testimony was $755.73, and the verdict was for $848.37.

*W. E. Doster*, for appellant.—Who is the party to make proof of loss? The court says, the mortgagee; the policy says, the insured. If there is nothing obscure in the terms, then the policy's voice on that subject ought to be paramount and decisive: Whyte v. Western Insurance Company, 22 L. C. Jur. (Can.) 215.

When a policy is made payable to a third party, proofs must be made by the assured: State Insurance Company v. Maakens, 38 N. J. L. 564; Stanton v. Ins. Co., 21 L. C. Jur. (Can.) 211.

The equity of redemption is destroyed by a sale or a judgment obtained on a bond accompanying a mortgage, or by sale upon a judgment recovered on a mortgage by scire facias. Of necessity the clause in the policy has reference to either condition thus raised. It is the plain business of the courts to enforce a contract as it is made. The insured can now get nothing out of the property unless it burns down or unless he pays the debt. This is an increased risk, without premium to compensate for it, and the insurer declined to take it by the terms of his policy: Titus v. Ins. Co., 81 N. Y. 410; Quinlan v. Providence Washington Ins. Co., 15 N. Y. Supp. 317, affirmed 31 N. E. Rep. 31; 133 N. Y. 356.

Policy becomes void on the commencement of foreclosure

proceedings without any act or notice on the part of the company : Meadows v. Hawkeye Ins. Co., 13 Ins. L. J. 377; 62 Iowa, 387. To the same effect is Bishop v. Clay Ins. Co., 45 Conn. 430.

The courts cannot make a new contract for the parties, nor refuse to enforce the contract they made for themselves : Supple v. Iowa St. Ins. Co., 58 Iowa. 29; Titus v. Glen Falls Ins. Co., 81 N. Y. 410 ; McIntyre v. Norwich Ins. Co., 102 Mass. 230.

The court considers Weiss v. Amer. Fire Ins. Co., 148 Pa. 349, and Collins v. Assurance Co., 165 Pa. 298, as controlling, and quotes them as against us. We cited these cases ourselves as easily distinguished, and, with due respect, not in consonance with the weight of authority throughout the United States.

Our contention is further fortified by a late case in the court of appeals of Maryland : Merchants Insurance Company, of Newark v. Brown, 25 Atl. Rep. 992.

This action we contend ought to have been brought originally by Stainer in his own name to recover the whole amount of the policy in his own right, not in right of the association, and not complicated by any claims between the association and Stainer, and that was our contention from beginning to end of the case. This was not done, but instead, the association insisted upon taking the place of the insured, as though they were substituted for Stainer in every way, and as though we could lawfully settle with them and take their receipt.

The cardinal rule enforced in all cases is that the amendment must not introduce a new cause of action : Knapp v. Hartung, 73 Pa. 290.

In the recent case of Grier Bros. v. Northern Ins. Co., 183 Pa. 334, the decisions bearing on this subject are collected by Judge GREEN, and without further citations, that case is assumed to state the law now prevailing.

The party, Stainer, did not swear to or sign the amendment, nor show why he did not, nor did the attorney aver his agency. Yet the court allowed it, and entered judgment. " This manner of treating the rule of court is not interpretation or construction, but conducting a trial in plain disregard of the rules, which is reversible error :" Brennan's Estate, 65 Pa. 16 ; Gannon v. Fritz, 79 Pa. 303 ; Todd v. Insurance Co., 9 Pa. Superior Ct., 381.

It has been held that where plaintiff has not complied with a rule of court he cannot have judgment for want of an affidavit of defense, and an omission to raise such objection does not preclude defendant from urging it on error: Gottman v. Shoemaker, 86 Pa. 31. Also that, if the affidavit of claims is made by a person other than the plaintiff, the affiant's agency must be averred in the affidavit: Hutchinson v. Woodwell, 107 Pa. 509.

In brief, the courts are not at liberty to disregard their rules, and plainly the court below did so in this case.

The court, we think, should have refused to enter judgment on this ground.

*Russell C. Stewart*, with him *Geo. F. P. Young* and *O. H. Meyers*, for appellee.—A case will be treated in the appellate court as it was tried below. It must be regarded as the trial judge was led to view it from the pleadings, the evidence and the contentions of counsel.

A point of law which was not raised in the lower court and is based upon nothing in the record, will not be considered by the Supreme Court: Lane v. Smith, 103 Pa. 415.

As to the proposition that there can be no recovery at all upon this policy under the clause relating to forfeiture.

In our judgment the case presented which is ruled by the two cases which the learned court below has relied on, and which the learned counsel for the appellants seek to distinguish herein: Weiss v. Ins. Co., 148 Pa. 349; Collins v. Assurance Corporation, 165 Pa. 298.

It will be noticed that the insurance company within sixty days was notified that the building was totally destroyed by fire. That it acknowledged receipt of this notice and notified the building association that they defended simply on the foreclosure of the policy: Hughes v. Miller, 186 Pa. 375.

A denial by an insurance company of all liability on other grounds than the want of the technical proofs required by the policy, where the loss was total and notice of it was immediately sent to the company, is a waiver of the technical proofs: Roe v. Dwelling House Ins. Co., 149 Pa. 94; McCormick v. Ins. Co., 163 Pa. 184; Earley v. Ins. Co., 178 Pa. 631; Ins. Co. v. Dougherty, 102 Pa. 568.

Waiver of the proof of loss required in a policy may be inferred from any act of the insurer, evincing a recognition of liability or a denial of obligation, exclusively for other reasons: Penna. Co. v. Dougherty, 102 Pa. 568; Inland Co. v. Stouffer, 33 Pa. 397; Lycoming Co. v. Schollenberger, 44 Pa. 259; Home Co.' v. Davis, 98 Pa. 280; Ben Franklin Co. v. Flynn, 98 Pa. 627.

The proofs were received and retained here by the company just as in the case of Weiss v. Ins. Co., 148 Pa. 349.

The cause of action in this suit was the refusal of the company to pay the legal plaintiff the amount of the policy which became payable by reason of the total destruction of the building by fire. The suit was brought in time as the record shows.

The use plaintiff cannot controvert it by filing a statement in which they say that they bring it to recover their interest. They may bring it to recover their money, but the interest is Stainer's, and their own statement so shows.

Under the authorities this insurance company could not object to the suit being brought as it has been.

Our cases hold that the suit being brought in the name of the legal plaintiff his right alone is in question, and may be recovered upon or defended against, and the defendant is not permitted to dispute the form of the suit: Guaranty Co. v. Powell, 150 Pa. 16.

In such an action if the assignee shows a right in the legal plaintiff, he need not show any right in himself: Hamilton v. Brown, 18 Pa. 87.

Such an assignment does not convert the policy into a contract of indemnity to the mortgagees; it is the interest of the mortgagor alone that is covered by it: Mutual Fire Ins. Co. v. Roberts, 31 Pa. 438.

The test of the amendment is not the statute of limitations, but did it introduce a new cause of action. After a suit has been commenced within a given period any amendment, no matter when asked for, may be allowed provided it does not change the cause of action: Wilhelm's Appeal, 79 Pa. 120. The amendment here allowed was a mere restatement in a more distinct form of the original cause of action. It was not, therefore, error to allow this amendment to be filed: Fredericks v. Canal Co., 148 Pa. 317.

OPINION BY BEAVER, J., February 16, 1900 :

The defendant issued its policy to the legal plaintiff, insuring him against loss by fire of real estate to the extent of $800, and of personal property, $200. The plaintiff, in negotiating a loan from the use plaintiff, the Northampton County Building and Loan Association, pledged the insurance policy as collateral security, of which due notice was given to the defendant's agent, and an indorsement in the usual form in such cases made upon the policy. On November 2, 1896, the property insured was totally destroyed by fire. October 9, previously thereto, the use plaintiff entered judgment upon the bond accompanying their mortgage against the legal plaintiff, claiming a balance due by him of $507.79 ; levy was made upon the judgment so entered October 10, property advertised November 11, and sale thereof made December 12, the entry of the judgment and the levy by the sheriff being previous to the destruction of the house by fire and the advertisement and sale subsequently thereto. The proofs of loss were made December 28, 1896, by the use plaintiff, which were acknowledged by the assistant manager of the defendant, December 31, 1896, who, on January 7, 1897, further writes : " We beg to advise that we have notified Mr. Stainer that, as the property in question was under foreclosure proceedings at the time of the fire, we must refuse to recognize any liability under the above policy." No notice of any defect in the proofs of loss is contained in either of these letters. In the latter, the writer seems to intimate a willingness to recognize the rights of the use plaintiff, so far as their equities are concerned. The original statement was filed by the use plaintiff, in which it claimed a balance due from the plaintiff of $486.46, with interest from October 9, 1896, stating, however, in the sixth paragraph of the statement, " that the amount of insurance on said dwelling house is $800, and, to the best of deponent's knowledge and belief, the loss occasioned by said fire amounts to about that amount." Under this statement and the facts as detailed, the case went to trial. In the course of the trial, upon the application of the legal plaintiff, the court permitted an amendment to the statement, setting forth " that no part of said insurance money has been paid by the defendant to either Alex. Stainer or to the said Northampton County Building & Loan Association, and this suit is brought to re-

cover said sum of $800, with interest from November 2, 1896, upon said policy, which is justly due and owing to the plaintiff, Alex. Stainer, by the defendant, subject to the equitable interest of the said association," which amendment was verified by the affidavit of the attorney for the plaintiff.  The case was tried and the value of the property destroyed submitted to the jury who found a verdict for the plaintiff for $848.37, being, as the calculation shows, $750 of principal and interest from the date of the loss to the time of the trial.

- The court below reserved, as a question of law, "whether there be in this case any evidence which entitles the plaintiff to recover."   After verdict, and upon a motion to enter judgment for the defendant non obstante veredicto, the court, in a full and exhaustive opinion, entered judgment upon the verdict in favor of the plaintiff.  From this judgment the defendant appeals and asks to have it reversed, for the reasons which are set forth in six several assignments of error.  The first is purely formal, and charges the court with error in entering judgment on the verdict in favor of the plaintiffs non obstante veredicto, the form of this assignment being, of course, an oversight, inasmuch as it is a contradiction in terms.  The judgment was entered upon the verdict and not notwithstanding the verdict. The merit of this assignment depends entirely upon the validity of the alleged particular errors assigned in the remaining specifications.

The second assignment is as to the sufficiency of the proofs of loss furnished by the use plaintiff.  Upon the trial, the proofs were produced by the defendant.  This was evidence of their receipt.  No objection was made as to the time of their receipt, and their informality, if there be any, depends entirely, therefore, upon the question as to whether or not the party furnishing them had the right to do so.  The Act of June 27, 1883, P. L. 165, was intended to avoid a number of technical defenses which had theretofore been plentifully made as to the character and time of the furnishing of proofs of loss.  This act specifically provides that where a policy of insurance is held by the assured or an assignee of the same as collateral security, the proofs of loss can be made either by the assured or the assignee. It is true that the use plaintiff in this case was not a regular assignee of the policy ; that is, there was no formal legal assign-

ment thereof made to it. It was, however, an equitable assignee, and held the policy as collateral security for the claim which it held against the insured. That claim having been recognized both by the indorsement upon the policy by the agent of the company and subsequently to the furnishing of the proofs of loss by the manager, it would seem as if the second assignment of error might be disposed of upon the ground that the party making or furnishing them was an assignee within the meaning of the act. Inasmuch, however, as no objection was made or exception taken to the proofs of loss as furnished by the use plaintiff, any informality therein, whether as to form or the party making them, would be taken as waived. As to this general proposition it is scarcely necessary to cite authorities, but among late cases are Welsh v. London Assurance Co., 151 Pa. 607, Freedman v. Ins. Co., 175 Pa. 350, and Davis v. Ins. Co., 5 Pa. Superior Ct. 506. It is alleged by the appellee that the second assignment of error is not properly before us, but we have preferred to treat it as regular, and are of the opinion that for the reasons stated it should be overruled.

The defendant in his first point asked the court to hold, as a matter of law, " that the policy lapsed before the fire by reason of forfeiture under the condition, ' If with the knowledge of the insured, foreclosure proceedings be commenced or notice given of the sale of any property covered by this policy by virtue of any mortgage or trust deed.' " The court below, in its opinion upon the rule for judgment non obstante veredicto has very clearly pointed out that the entry of judgment upon the bond accompanying the mortgage and the levy upon the plaintiff's property, by virtue of a fi. fa. issued thereupon was not such a foreclosure as gave the defendant the benefit of this condition of the policy. The substantial ground upon which this condition rests is the increased moral hazard which is incurred by the company, by virtue of the facts stated in the condition; but it was held in Collins v. Assurance Co., 165 Pa. 298, in which the policy therein considered was to be void if " first, the hazard be increased by any means within the control or knowledge of the insured; or third, if with the knowledge of the assured foreclosure proceedings be commenced or notice of sale of any property covered by this policy by virtue of any agreement or trust deed," that the entry of judgment and an execution issued

thereon did not avoid the policy. The third assignment, therefore, is also overruled.

The fourth and fifth assignments relate to the amendment allowed by the court at the time of the trial and may be stated under two propositions : First, that the amendment introduced a new cause of action barred by the limitation of time contracted for in the policy within which an action could be maintained, and secondly, that it was contrary to the rule of court relating thereto. The suit is brought in the name of the legal plaintiff. The original statement shows in its sixth paragraph that the amount of insurance on the dwelling destroyed was $800 and that the loss occasioned by the fire amounted to about that sum. The plaintiff, therefore, had notice in the statement of the essentials upon which a recovery may be had. It is true that in the statement the use plaintiff stated his claim as being less than the amount of the policy. It is to be noted, however, that the legal plaintiff was in court, both as a party to the action and by a specific appearance for him by attorney. The action being, therefore, properly brought, and the loss under the policy properly stated, we cannot see the force of the defendant's contention that the amendment introduced any new cause of action. As to the objection that the amendment was not sworn to or subscribed by the petitioner therefor, it is sufficient to say that the 128th Rule governing amendments does not require that the affidavit should be made by the party applying for the amendment. The appellant seeks to apply the provisions of Rule 121 which relates to the original verification of the pleadings to the amendment, whereas it is governed by Rule 128. We can see no substantial merit in either of these assignments, and they are, therefore, overruled.

The sixth assignment seeks to convict the court of error for entering judgment on the verdict and thus allowing Stainer to recover for furniture of which no loss was established by the testimony. It might be sufficient to say that this question was not raised in any way in the court below but the facts therein stated are scarcely correct. The court, in its charge to the jury, left the question of loss entirely to them, but said specifically in one place, " There is no evidence that any personal property was destroyed in the building," and again, " You will not consider any loss to the personal property." The

insurance upon the building was $800. There was evidence that the walls which remained after the fire might be of practical use to the amount of say, $50.00. There was other evidence in the case upon which the jury might find, as they evidently did, that the loss was $750 which, with interest upon it from the time of the fire to the date of the verdict, would make the amount for which it was returned. On the whole, even if this assignment of error were properly made, we would not feel disposed to disturb the verdict for the reason therein stated.

Upon a consideration of the whole case, we find no error. The assignments are all overruled and the judgment affirmed.